

Seyfarth Shaw LLP

620 Eighth Avenue

New York, New York  10018

T (212) 218-5500

F (212) 218-5526

kbitar@seyfarth.com

T (212) 218-5261

www.seyfarth.com

March 28, 2023

**VIA ECF**

The Honorable Diane Gujarati, U.S.D.J.
The Honorable Sanket J. Bulsara, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *PC-41 Doe v. Poly Prep Country Day School, et al.*
               **Case No. 20-cv-03628-DG-SJB**

Dear Judges Gujarati and Bulsara:

We represent Defendants in the above-captioned action, and we write to very briefly address what Plaintiff incorrectly characterizes as "omissions and inaccuracies" in our recent submission to the Court.  (ECF No. 89 at 1.)

First, although we designated our March 23 Court-ordered status report (ECF No. 88) as a "Letter Motion," we did so in an abundance of caution in light of the CM/ECF's direction to classify any filing that requests any form of relief (even if styled as a letter) as a motion, as opposed to the "joint letter" as to status, where Plaintiff was unwilling to file a letter jointly.  We therefore wish to clarify that our discussion of the impropriety of Plaintiff's surprise affidavits, and the case law that we cited in support thereof, was intended to explain the situation so as to sufficiently justify requesting the Court's leave to fully brief the matter, and not to represent the full extent of our position.  There are ample additional authorities than what we cited, and they leave little doubt as to the impropriety of Plaintiff's attempt to sandbag Defendants.  We are happy to provide more of them if, as requested last Friday, we are granted leave to brief the issue.

Second, Plaintiff either misunderstands or misrepresents our position.  Plaintiff's belated March 27 letter to the Court (ECF No. 89) devotes a great deal of space to proving that Defendants were aware that three of the surprise affiants—Mr. Montague, Mr. Forbes, and P.A.[1]—were plaintiffs in lawsuits against Poly Prep.  For all of the reasons that Plaintiff recites and more, Defendants were, of course, aware of those lawsuits.  That has nothing to do with what makes Plaintiff's conduct improper.  What makes it improper is the notion that setting out (and then failing for almost two years to supplement) a broad collective description such as "other claimants who have brought or will bring suit against Poly Prep under the Child Victims Act" somehow satisfies the disclosure requirements of Rules 26 and 37.  As Defendants stated in their March 23 filing, in

---

[1] Plaintiff omits mention of the fourth surprise affiant Mr. Bonina for most of the March 27 letter, which is unsurprising given that his identity was not even disclosed in the thoroughly inadequate fashion that Plaintiff claims to have disclosed the other three.



order to agree with this notion, the Court must accept Plaintiff's implicit premise that Defendants could and should have prophylactically deposed <u>every claimant who has sued Poly Prep</u> (as well as every claimant who <u>will</u> sue Poly Prep, as though such a thing were possible), using compulsory process in an action other than their own, just in case one or more of them ultimately decided to provide a sworn statement in this action.  Plaintiff did not respond to this point in his March 27 letter.

Third, although his untimely March 27 submission is not styled as a response to our letter motion, Plaintiff appears to have taken the opportunity to brief the issue we requested the Court's leave to brief (*see* ECF No. 89 at 3-4), but has done so in misleading fashion.  Without getting too far into the legal issues absent the Court's leave, we would simply point out that the handful of cases Plaintiff cites for the proposition that a party need only supplement disclosures with information that "has not otherwise been made known to the other parties" (*id.*) all had two things in common: (i) they concerned specific disclosures of named witnesses and not broad collective descriptions, and (ii) they involved belated supplemental disclosures that were nonetheless made <u>while discovery was still ongoing</u>,[2] and which were therefore held to be harmless because the disclosing party could (and in most cases did) cure the deficiency without prejudicing the other party.  Not a single one of Plaintiff's cited cases dealt with witnesses whose names were disclosed for the first time in opposition to summary judgment.

We thank the Court for your time and consideration, and would be happy to discuss these matters at the Court's convenience.

Respectfully submitted,

*/s/ Karen Y. Bitar*

Karen Y. Bitar

---

[2] Indeed, Plaintiff confirms with his own words in the March 27 letter that two of the three cases involved supplemental disclosures that were made "during . . . deposition[s]."  (ECF No. 89 at 4 (citing *Sequeiros v. Latam Airlines Grp., S.A.*, 2022 WL 2132675, at *1 (E.D.N.Y. May 24, 2022) and *Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998)).)